IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RASHAAD DANIEL CARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 316-092 |
| | ) |
| FELICIA SHARPE, Sgt., Corrections | ) |
| Corporation of America; JASON MEDLIN, | ) |
| Warden; and HOMER BRYSON, | ) |
| Commissioner, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Telfair State Prison, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I. SCREENING OF THE COMPLAINT

#### A. BACKGROUND

Plaintiff names the following Defendants: (1) Felicia Sharpe, a sergeant at WCF; (2) Jason Medlin, Warden at WCF; and (3) Homer Bryson, Commissioner of the Georgia

Department of Corrections. (Doc. no. 1, pp. 1, 3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 28, 2015, a disturbance occurred in Plaintiff's dormitory, 400A, at WCF. (Id. at 3.) Plaintiff, along with the other inmates in the dormitory, were ordered into their cells. (Id.) Plaintiff was ordered out of his cell because he had been accused of starting the disturbance by snatching a tray out of the hand of a correctional officer. (Id.) Plaintiff denied he had done so, but during his explanation, Defendant Sharpe interrupted. (Id.) Plaintiff and Defendant Sharpe exchanged words. (Id.)

Defendant Sharpe readied her OC spray and moved toward Plaintiff. (Id.) She told Plaintiff to put his hands on the wall, and he complied. (Id.) With his hands still on the wall, Plaintiff turned to Defendant Sharpe and told her not to spray him, at which point she discharged the OC spray on him. (Id.) An unidentified person then handcuffed Plaintiff and took him to the showers to remove the OC spray. (Id. at 4.) Plaintiff would have preferred milk to wash off the spray. (Id.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff Fails to State a Valid Claim against Defendants Medlin and Bryson, or with Respect to the Shower Provided after the Discharge of OC Spray.

First, the Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Here, Plaintiff never mentions Defendants Medlin and Bryson in his statement of claim. (Doc. no. 1, pp. 3-4.) Nor does he identify who handcuffed him and took him to the shower. (Id.) Therefore, even if the Court were to assume for the sake of argument there was a viable Eighth Amendment claim based on Plaintiff's preference for milk rather than a shower after the OC discharge,[1] Plaintiff fails to associate any named Defendant with a purported constitutional violation related to his preference.

Second, Plaintiff's complaint fails to state a claim against Defendants Medlin and Bryson because he is attempting to hold the Warden of WCF and the Commissioner of the Georgia Department of Corrections, respectively, liable merely in light of their supervisory positions.

---

[1]The law is not in Plaintiff's favor on this point, even if he had identified an individual responsible for taking him to the showers. To state a valid claim, Plaintiff would have had to allege a defendant not only had (1) subjective knowledge of a risk of serious harm, but he or she also (2) disregarded that risk, (3) by conduct that is more than mere negligence. See Melton v. Abston, -F.3d-, No. 15-11412, 2016 WL 6819670, at *9 (11th Cir. Nov. 18, 2016). Plaintiff states he was taken to the showers immediately after the OC spray discharge. That he was offered water rather than his preferred soothing agent of milk does not satisfy the three-part standard outlined above.

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants Medlin or Bryson liable, Plaintiff must demonstrate that either (1) each Defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between each Defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff never mentions either Defendant in his statement of claim and appears to name them as Defendants not because of their direct involvement in the December 28th disturbance in the WCF dormitory, but merely because of their supervisory positions. (See generally doc. no. 1.)

Likewise, Plaintiff must allege a causal connection between each Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir.

5

1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, as noted above, Plaintiff never mentions either Defendant in his statement of claim, let alone does Plaintiff draw the necessary causal connection to any alleged constitutional violations. In sum, Plaintiff has not shown Defendants Medlin and Bryson actually participated in the alleged constitutional violations regarding excessive force or the shower provided after the discharge of OC spray; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants Medlin and Bryson, and they should be dismissed from the case. In a companion Order, the Court allows Plaintiff to proceed with his excessive force claim against Defendant Sharpe.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Medlin and Bryson, along with Plaintiff's Eighth Amendment claim regarding the shower provided after the discharge of OC spray, be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 14th day of December, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA