IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RASHAAD DANIEL CARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 316-092 |
| ) | |
| FELICIA SHARPE, Sgt., Corrections ) | |
| Corporation of America, and ) | |
| LUANNE HAMILTON, Unit Manager, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Telfair State Prison, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, regarding events alleged to have occurred at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court screened the original complaint and directed service of process to be effected on Defendant Felicia Sharpe based on an excessive force claim. (See doc. no. 9.) United States District Judge Dudley H. Bowen, Jr., dismissed from the case Warden Jason Medlin and Commissioner Homer Bryson, as well as Plaintiff's claim regarding the shower provided after the discharge of OC spray by Defendant Sharpe. (See doc. nos. 10, 16.)

On December 27, 2016, Plaintiff filed a motion to amend, stating his desire to add as a Defendant the Unit Manager for his dormitory at WCF during the events forming the basis for his excessive force claim against Defendant Sharpe. (Doc. no. 14.) The Court explained Plaintiff was entitled to amend his complaint, but not in a piecemeal fashion. (See doc. no. 15, pp. 2-3.) The Court further explained that if Plaintiff wanted to amend the controlling pleading in this case, he must submit a complete amended complaint, containing all claims he wanted the Court to consider, that would supersede and replace entirely his original complaint. (Id. at 3.) The Court also warned Plaintiff that because the Court would screen any amended complaint, he risked having Defendants or claims dismissed if he left out or changed information in the original complaint. (Id. at 3-4.)

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff names Luanne Hamilton, a Unit Manager at WCF, as the sole Defendant in his amended complaint. (Doc. no. 17, pp. 1, 2 -3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Defendant Hamilton was the Unit Manager for dormitories 400 and 500 on December 28, 2015. (Id. at 1.) Defendant Hamilton witnessed a non-descript display of "excessive force" by Sgt. Felicia Sharpe but failed to stop it. (Id.) Defendant Hamilton encouraged Sgt. Sharpe's misconduct and lied in a written report about the incident in an effort to protect Sgt. Sharpe. (Id.) Plaintiff provides no details about the excessive force allegedly employed by Sgt. Sharpe. Nor does Plaintiff provide any details to suggest Defendant Hamilton was in a position to stop whatever actions Sgt. Sharpe may have been taking or explain the purpose or use of the written report in which Defendant Hamilton lied.

B.  **DISCUSSION**

1.  **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at

3

557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff No Longer Names Felicia Sharpe as a Defendant.

As the Court explained in its January 9, 2017 Order providing Plaintiff with instructions on how to amend his complaint, the amended complaint supersedes and replaces in its entirety the original complaint filed by Plaintiff. (Doc. no. 15, p. 3 (citing Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011).) The Court also specifically cautioned Plaintiff he risked having Defendants or claims dismissed if he left out or changed information in the original complaint. (Id. at 3-4.) The caption of the amended complaint lists only Luanne Hamilton as a Defendant. (Doc. no. 17, pp. 1, 2.) In the portion of the complaint form for listing Defendants, Plaintiff again lists only Luanne Hamilton, and he drew lines through the portion of the spaces listed for Defendant No. 2, Defendant No. 3, and Defendant No. 4. (Id. at 3-4.)

Even if Plaintiff had listed Sgt. Sharpe as a Defendant, his amended statement of claim does not allege a viable claim against her. Whereas the original complaint described the date and circumstances of a discharge of OC spray by Sgt. Sharpe, (see doc. no. 1, p. 3), the amended complaint references only "excessive force against the Plaintiff," "misconduct," and "actions" by her. (Doc. no. 17, p. 1.) There are no factual details provided that would allow the Court to determine a valid excessive force claim exists. The statements regarding

4

Felicia Sharpe are the type of labels and conclusions lacking any factual detail prohibited by Iqbal, 556 U.S. at 678. As Plaintiff fails to state a viable claim for relief against Sgt. Sharpe in the amended complaint, she should be dismissed from the case.

### 3. Plaintiff Fails to State a Claim against Luanne Hamilton.

As the Court concludes Plaintiff fails to state a valid excessive force claim against Sgt. Sharpe because he failed to name her as a Defendant in the amended complaint or provide any factual specificity about his claims against her, the Court also concludes Plaintiff fails to state a claim against Luanne Hamilton for failing to stop Sgt. Sharpe's behavior. Although it is true an official who witnesses excessive force and fails to take reasonable steps to protect the victim may be held liable, Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985), without a valid underlying claim of excessive force, Defendant Hamilton cannot be held liable for failing to intervene.

Moreover, even if Plaintiff had included the details in his amended complaint of the alleged excessive force by Sgt. Sharpe included in the original, but now superseded complaint, he still fails to state a claim for relief against Defendant Hamilton. The alleged excessive force in the original complaint was a discharge of OC spray after Plaintiff had complied with instructions to place his hands on the wall. (See doc. no. 1, pp. 3-4.) Neither in the original or amended complaint does Plaintiff ever allege Defendant Hamilton was in a position to stop whatever actions Sgt. Sharpe may have been taking or explain the purpose or use of the written report in which Defendant Hamilton lied such that the Court could conclude Defendant Hamilton violated Plaintiff's constitutional rights. (See doc. nos. 1, 17.)

To the contrary, Plaintiff originally claimed Defendant Hamilton, along with a fellow inmate, warned Plaintiff to comply with Sgt. Sharpe's instructions to place his hands on the wall

so that he could avoid having OC spray discharged on him. (Doc. no. 1, p. 3.) Moreover, Plaintiff described a situation in which Sgt. Sharpe told him to be quiet and immediately sprayed him, leaving no time for Defendant Hamilton to intervene. Nor does Plaintiff allege being repeatedly sprayed, as he described going right to the shower. (Id. at 3-4.) As Plaintiff fails to state a viable claim for relief against Defendant Hamilton, she should be dismissed from the case.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's amended complaint, which supersedes and replaces in its entirety the original complaint, fails to state a valid claim for relief against either Felicia Sharpe or Luanne Hamilton. As both Defendants should be dismissed from the case, no claims remain, and the case should be dismissed in its entirety.

SO REPORTED and RECOMMENDED this 25th day of January, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA