FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2017 FEB 21 P 3: 53
CLERK JBurton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RASHAAD DANIEL CARSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 316-092 ) |
| FELICIA SHARPE, Sgt., Corrections Corporation of America, and LUANNE HAMILTON, Unit Manager, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. As explained by the Magistrate Judge, the first amended complaint fails to state a claim upon which relief can be granted, and if that document were the operative pleading, the Court would dismiss the case. However, as explained below, because Plaintiff provided the Court with a second amended complaint, the Court will not dismiss the case in its entirety. The Court turns first to a brief procedural history.

The Court screened the original complaint and directed service of process on Felicia Sharpe based on an excessive force claim; all other claims and Defendants were dismissed. (Doc. nos. 9, 10, 16.) Plaintiff then notified the Court of his desire to amend his complaint to add claims against Luanne Hamilton, the Unit Manager for his dormitory at Wheeler

Correctional Facility ("WCF") during the events forming the basis for his excessive force claim against Defendant Sharpe. (Doc. no. 14.) The Magistrate Judge explained Plaintiff could amend his complaint, but not in the piecemeal manner proposed. (Doc. no. 15.) Rather, in an Order dated January 9, 2017, Plaintiff was instructed on the proper method for amending his complaint to include all of his allegations in one document, and he was warned if he left out or changed information in the original complaint, any Defendant or claim already in the case may be dismissed. (Id. at 3-5.)

In response to these instructions, Plaintiff submitted an amended complaint naming only Ms. Hamilton as a defendant. The Magistrate Judge screened the first amended complaint, and in the Report and Recommendation now before the Court, recommended dismissal of the entire case for failure to state a claim because Plaintiff no longer named Ms. Sharpe as a defendant, and Plaintiff failed to state a claim upon which relief can be granted against Ms. Hamilton. (Doc. no. 18.) That analysis was correct.

However, one day after entry of this recommendation, Plaintiff's motion for leave to amend and a second amended complaint, dated January 21, 2017, arrived at the Clerk of Court. (Doc. nos. 20, 21.) In these papers drafted prior to, but not received until after, the recommendation for dismissal, Plaintiff states he mistakenly sent the wrong papers to the Court "after he misunderstood the directions given to him by the courts." (Doc. no. 20, p. 1.) Plaintiff requests the Court consider the second amended complaint as his response to the January 9th Order. (Id. at 2.)

Although Plaintiff did not utilize the form complaint sent to him, the second amended complaint more closely adheres to the instructions that Plaintiff include all of his claims in

one document. (See doc. no. 21.) Upon consideration, the Court **GRANTS** the motion for leave to amend. (Doc. no. 20.) The Court will consider the second amended complaint as Plaintiff's operative pleading. However, as explained *infra*, the Court will not allow any claims against Defendant Hamilton to go forward.

Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. On December 28, 2015, a disturbance occurred in Plaintiff's dormitory, 400A, at WCF. (Doc. no. 21, p. 2.) Plaintiff, along with the other inmates in the dormitory, were ordered into their cells. (Id.) Plaintiff was ordered out of his cell because he had been accused of starting the disturbance by snatching a tray out of the hand of a correctional officer. (Id.) Plaintiff denied he had done so, but during his explanation to Defendant Hamilton, Defendant Sharpe interrupted. (Id.) Plaintiff and Defendant Sharpe exchanged words, and Defendant Sharpe moved toward Plaintiff with her OC spray at the ready. (Id.) Defendant Hamilton warned Plaintiff he would be sprayed. (Id.)

Plaintiff put his hands on the wall and told another inmate, who also warned Plaintiff he would be sprayed, that he would not "give her a reason to spray me." (Id.) With his hands still on the wall, Plaintiff turned to Defendant Sharpe and told her not to spray him, at which point she discharged the OC spray on him. (Id.) Defendant Hamilton witnessed Defendant Sharpe's actions but failed to stop them and then lied and covered for Defendant Sharpe in some unspecified manner. (Id. at 3.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable Eighth Amendment claim for excessive force against Defendant

3

Sharpe. See Hudson v. McMillian, 503 U.S. 1, 6 (1992). Defendant Sharpe shall be required to respond the second amended complaint within fourteen days of the date of this Order.

However, Plaintiff's second amended complaint fails to state a claim for relief against Defendant Hamilton. Although it is true an official who witnesses excessive force and fails to take reasonable steps to protect the victim may be held liable, Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985), Plaintiff provides no details to suggest Defendant Hamilton was in a position to stop Defendant Sharpe's actions. In fact, Plaintiff alleges Defendant Hamilton, along with a fellow inmate, cautioned Plaintiff his angry exchange of words with Defendant Sharpe might lead to having OC spray discharged on him. (Doc. no. 21, p. 2.) Moreover, Plaintiff describes a situation in which Defendant Sharpe told him to be quiet and immediately sprayed him once, leaving no time for Defendant Hamilton to intervene. (Id.) Nor does Plaintiff offer any details about how Defendant Hamilton lied and covered for Defendant Sharpe, let alone how he was injured by any such actions. As Plaintiff fails to state a viable claim for relief against Defendant Hamilton, she is dismissed from the case.

In sum, the Court **ADOPTS IN PART** the Report and Recommendation of the Magistrate Judge as its opinion, and for the reasons set forth herein, **DISMISSES** Defendant Hamilton from this case. Plaintiff may proceed with his Eighth Amendment excessive force claim against Defendant Sharpe, who shall have fourteen days from the date of this Order to file a response to the second amended complaint. The Court **DIRECTS** the Clerk to serve

this Order on Stephen Curry, the attorney whom the Court has been informed will be representing Defendant Sharpe.

SO ORDERED this 21st day of February, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE