IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RASHAAD DANIEL CARSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 316-092 |
| FELECIA SHARPE, | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff, an inmate at Hancock State Prison, commenced this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Wheeler Correctional Facility in Alamo, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is now before the Court because Plaintiff filed a "Motion For An Order Compelling Discovery," in which he seeks an order compelling Defendant Sharpe to produce certain documents pursuant to Federal Rule of Civil Procedure 34. (Doc. no. 36.) The filing does not contain a certificate of service, as is required by Local Rule 5.1, showing that his motion was served on defense counsel. Nor does it contain, as is required by Local Rule 26.5, a statement that Plaintiff has made a good faith effort to resolve this discovery dispute with defense counsel.

Plaintiff previously received instructions about the requirements for his filings, including the necessity for a certificate of service in accordance with Local Rule 5.1. (See doc. no. 9, p. 4.) Even if Plaintiff had included a certificate of service, the motion to compel also runs afoul of Local Rule 26.5, about which the Court previously informed Plaintiff:

> If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Loc. R. 26.5.

(Id. at 5.)

The duty-to-confer prerequisite is not an empty formality.  Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010).  Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion.  See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion); see also Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding that failure to comply with the Local Rules may result in summary denial of a motion).  Accordingly, the Court **DENIES** Plaintiff's motion (doc. no. 36) based on the failure to comply with the service requirement of Local Rule 5.1 and the good faith requirement of Local Rule 26.5, which incorporates the requirements of the Federal Rules of Civil Procedure.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

Although the motion is denied in its current form, the Court is aware these are the same six discovery requests that Plaintiff first mistakenly sent to the Court, rather than defense counsel, on March 30, 2017. (<u>See</u> doc. nos. 29, 32.) The instant motion suggests Plaintiff has agreed to drop several categories of requested production. (<u>See</u> doc. no. 36, p. 2.) The Court is confident the parties can work cooperatively to resolve any remaining disputes, keeping in mind that even *pro se* litigants who are proceeding IFP must bear their own discovery expenses. While 28 U.S.C. § 1915(a) permits a pauper to commence litigation without prepayment of the filing fee, "no provision of that statute 'authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.'" <u>Doye v. Colvin</u>, CV 408-174, 2009 WL 764980, at * 1 (S.D. Ga. Mar. 23, 2009) (citing <u>Tabron v. Grace</u>, 6 F.3d 147, 158-59 (3d Cir. 1993)); <u>see also</u> <u>Wanninger v. Davenport</u>, 697 F.2d 992, 994 (11th Cir. 1983) (agreeing that "a prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . .").

SO ORDERED this 21st day of July, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA