IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RASHAAD DANIEL CARSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV 316-092 |
| FELECIA SHARPE, | ) ) ) ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Defendant has moved for summary judgment with respect to the claim by Plaintiff, now an inmate at Hancock State Prison, regarding use of excessive force at Wheeler Correctional Facility on December 28, 2015. (Doc. no. 40.) However, the Certificate of Service attached to the motion does not indicate that it was served on Plaintiff at his current place of incarceration. Therefore, the Court **DIRECTS** defense counsel to serve a copy of the motion on Plaintiff at his correct address by October 12, 2017, and file a certification for the record when he has done so. Plaintiff shall have through and including November 3, 2017, to file any response.

To make sure Plaintiff fully understands the ramifications of Defendant's motion for summary judgment should he not file a response, the Court will now reiterate to Plaintiff the

consequences of a motion for summary judgment.[1]

Once a motion for summary judgment is filed, the opponent should be afforded a reasonable opportunity to counter the affidavits of the movant. Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985). The reasonable opportunity encompasses not only time to respond, but notice and an explanation of rights that may be lost if a response is not filed. Id.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and demonstrating that there is an absence of any dispute as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Also the moving party may be granted summary judgment if they show the Court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party makes this showing, then they are entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Id.

This Court in ruling on a summary judgment motion must determine whether under the governing law there can be but one reasonable conclusion as to the verdict. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Moreover, a mere existence of a

---

[1] Plaintiff was first informed of the consequences of a summary judgment motion in the Court's December 14, 2016 Order. (Doc. no. 9, p. 6.)

scintilla of evidence in support of Plaintiff's position is not sufficient to defeat a summary judgment motion; there must be evidence on which the jury could reasonably find for Plaintiff. See id. at 252. All reasonable doubts, however, must be resolved in favor of the party opposing summary judgment. Casey Enters., Inc. v. American Hardware Mutual Ins. Co., 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981).[2] When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of fact exists. This burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981).

Should Plaintiff not express opposition to Defendant's motion, the consequences are these: Any factual assertions made in the affidavits of the party moving for summary judgment will be deemed admitted by this Court pursuant to Loc. R. 7.5 and Fed. R. Civ. P. 56 unless Plaintiff contradicts the movant's assertions through submission of his own affidavits or other documentary evidence, and the motion for summary judgment will be granted on the grounds that said motion is unopposed. See Loc. R. 7.5.

Accordingly, Plaintiff is **ORDERED** to file any opposition to Defendant's motion for summary judgment, with appropriate supporting affidavits, or to inform the Court of his decision not to object to Defendant's motion by November 3, 2017. To ensure that Plaintiff's response is made with fair notice of the requirements of the summary judgment

---

[2]In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

3

rule, the Clerk of Court is **INSTRUCTED** to attach a copy of Fed. R. Civ. P. 56 to the copy of this Order that is served on Plaintiff.

SO ORDERED this 6th day of October, 2017, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA